Filed 6/29/16  In re Jorge C. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re JORGE C., a Person Coming Under the Juvenile Court Law. | D069134 |
| THE PEOPLE, | |
| Plaintiff and Respondent, | (Super. Ct. No. J233579) |
| v. | |
| JORGE C., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Robert J. Trentacosta, Judge.  Affirmed.

William G. Holzer, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Peter Quon, Jr., and Anthony DaSilva, Deputy Attorneys General, for Plaintiff and Respondent.

In July 2013, the district attorney filed a Welfare and Institutions Code section 602[1] petition against Jorge C. (Minor) alleging drug-related offenses. Several weeks later, the court dismissed the petition without prejudice. In 2014, the district attorney filed a new petition against Minor for unrelated incidents of vandalism. The court declared him a ward and placed him on probation. In 2015, the court found that Minor satisfactorily completed the terms of probation for his vandalism offenses, sealed the related records under former section 786,[2] and terminated jurisdiction. The court denied Minor's request to seal the records relating to his first, previously dismissed petition.

On appeal, Minor argues that amended section 786, which became effective on January 1, 2016, while his appeal was pending, should be retroactively applied to seal the records pertaining to his prior dismissed petition. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

*Petition No. 1*: *G4294*

In July 2013, the district attorney filed a section 602 petition (G4294) against Minor, alleging several offenses relating to unlawful drug possession. At the time, Minor was already under the juvenile court's dependency jurisdiction due to parental neglect. The court dismissed his delinquency petition without prejudice several weeks after it was

---

[1]    Subsequent unspecified statutory references are to the Welfare and Institutions Code.

[2]    Subsequent references to "former section 786" are to the version effective January 1, 2015, to December 31, 2015. (Stats. 2014, ch. 249, § 2, p. 2506.)

filed, concluding that Minor's and society's interests were being served through dependency jurisdiction.

*Petition No. 2*:  *G6704*

In May 2014, the district attorney filed a new petition (G6704) against Minor, related to several instances of vandalism.  Minor admitted to two counts of vandalism (Pen. Code, § 594, subds. (a), (b)(1)), the court declared him a ward, and placed him on probation.

In July 2015, the court found that Minor satisfactorily complied with his terms of probation, dismissed petition G6704, sealed Minor's records relating to his current petition, and terminated jurisdiction.

*Motion to Seal Prior Petition*

In September 2015, Minor moved to seal his prior petition (G4294) under former section 786.  The court denied the motion based on its reading of the statute, but stated that if Minor made a proper motion to seal under section 781, the court would consider it. Minor timely appealed the court's September 2015 order.

DISCUSSION

Minor contends that the records relating to his prior dismissed petition should be sealed under amended section 786, which became effective on January 1, 2016, after the court terminated its jurisdiction over him.  (Stats. 2015, ch. 368, § 1.)  He relies on the

rule established by *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*), to argue that amended section 786 may be retroactively applied to his case.[3] We disagree.

We are guided by the well-established rule that a "new or amended statute applies prospectively only, unless the Legislature clearly expresses an intent that it operate retroactively." (*People v. Ledesma* (2006) 39 Cal.4th 641, 664; see *Evangelatos v. Superior Court* (1988) 44 Cal.3d 1188, 1207 [" '[it] is an established canon of interpretation that statutes are not to be given a retrospective operation unless it is clearly made to appear that such was the legislative intent' "].)

Furthermore, to ascertain the Legislature's intent, "[w]e must look to the statute's words and give them their usual and ordinary meaning. [Citation.] The statute's plain meaning controls the court's interpretation unless its words are ambiguous. If the plain language of a statute is unambiguous, no court need, or should, go beyond that pure expression of legislative intent." (*Green v. State of California* (2007) 42 Cal.4th 254, 260.)

Applying the above principles, amended section 786 does not operate retroactively. The amended statute contains a similar requirement as its former version for sealing records pertaining to a pending petition if the minor satisfactorily completes

---

3     Minor does not argue that the juvenile court erred under former section 786, apparently conceding the court's order was correct based on the law in effect at the time. Thus, we do not address the issue of whether the court erred under former section 786.

probation.[4]  However, the Legislature added a number of new subdivisions, including subdivision (e)(1), which states in part that "[t]he court may, in making its order to seal the record and dismiss the instant petition pursuant to this section, include an order to seal a record relating to, or to dismiss, *any prior petition or petitions* that have been filed or sustained . . . ."  (§ 786, subd. (e)(1), italics added.)  There is no legislative indication in the language of amended section 786 that it should be applied in lieu of the relevant law in effect at the time of the court's sealing order, former section 786.

Minor's reliance on the *Estrada* rule is misplaced.  *Estrada* teaches that "[w]hen the Legislature amends a statute so as to *lessen the punishment* it has obviously expressly determined that its former penalty was too severe and that a lighter punishment is proper as punishment for the commission of the prohibited act.  It is an inevitable inference that the Legislature must have intended that the new statute imposing the new lighter penalty now deemed to be sufficient should apply to every case to which it constitutionally could apply. . . .  This intent seems obvious, because to hold otherwise would be to conclude that the Legislature was motivated by a desire for vengeance, a conclusion not permitted in view of modern theories of penology."  (*Estrada*, *supra*, 63 Cal.2d at p. 745, italics added.)

In *People v. Brown* (2012) 54 Cal.4th 314, our Supreme Court affirmed that the *Estrada* rule applies only when a legislative act "mitigate[s] the punishment for a

---

4      Amended section 786 provides in pertinent part:  "If the minor satisfactorily completes . . . a term of probation for any offense, the court shall order the petition dismissed.  The court shall order sealed all records pertaining to that dismissed petition in the custody of the juvenile court . . . ."  (§ 786, subd. (a).)

5

particular criminal offense" based on the inferred legislative intent to impose a lighter penalty. (*Id.* at pp. 324-325.) *Estrada* "supports an important, *contextually specific qualification* to the ordinary presumption that statutes operate prospectively . . . ." (*Brown,* at p. 323, italics added.) As a result, the challenged statute that recalculated custodial conduct credits to the defendant's benefit could not be retroactively applied because the statute did not alter the penalty for any crime, even if its effect would be to reduce a punishment. (*Id.* at p. 325.) The Court discussed that the statute addresses future conduct by providing increased incentives for good behavior. (*Ibid.*)

Here, amended section 786 does not impose a punishment or penalty for any offense; it addresses circumstances that require and permit a court to seal juvenile records. Contrary to Minor's position, the statute is not punitive in nature. (See § 202, subd. (e) [listing punishments for delinquent minors].) Accordingly, it does not lend itself to the inference discussed in *Estrada* of legislative intent to impose a new, reduced penalty to nonfinal cases. Amended section 786 operates prospectively, providing an incentive for minors to satisfactorily complete probation for offenses alleged in pending (i.e., "instant") petitions. (§ 786, subd. (e)(1).)

Minor is not without a remedy. As the juvenile court advised him, Minor may petition the court to seal his juvenile records under section 781. (§ 781; California Rules of Court, rule 5.830.)

6

DISPOSITION

The order denying Minor's motion to seal G4294 is affirmed.


                                                            HALLER, Acting P. J.

WE CONCUR:


McDONALD, J.


IRION, J.


7